IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BRIDGETTE WILLIAMS, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 2:08cv387-WC
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
Defendant. )

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Plaintiff Bridgette Williams applied for supplemental security income (SSI) benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.* (hereinafter "the Act"). Plaintiff's application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #10); Def.'s Consent to Jurisdiction (Doc. #9). Based on the Court's review of the record and the briefs of the parties, the Court REVERSES AND REMANDS the Commissioner's decision.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III. ADMINISTRATIVE PROCEEDINGS

At the time of the hearing Plaintiff was approximately thirty-five years old and had a high school education (Tr. 19). Plaintiff's primary past relevant work experience included work as a packer and cook. (Tr. 19 & 64). Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Step 1). (Tr. 15). At Step 2, the ALJ found that Plaintiff suffered from the severe impairment of status post acetabular fracture. *Id*. The ALJ nonetheless found Plaintiff does not possess an impairment or combination of impairments that meets or medically equals one of the listed impairments. (Tr. 17). Next, the ALJ determined Plaintiff's RFC (Step 3). (Tr. 17). At Step 4, the ALJ found that Plaintiff could not perform her past relevant work. (Tr. 17). At Step 5, the ALJ determined that considering claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy. (Tr. 19).

## IV. PLAINTIFF'S CLAIMS

Plaintiff sets forth three claims in challenging the Commissioner's decision: (1) whether the ALJ erred by failing to develop the record because he did not question Plaintiff about the period of time not documented by medical records; (2) whether the ALJ erred by not including in his RFC all of the non-exertional limitations found by the consultative examiner and by failing to call a VE; and (3) whether the ALJ erred by assessing a RFC which is not supported by substantial evidence in the record and which is improperly based

on a post-hearing consultative examination. Because the Court finds remand necessary as to the second issue, the Court need not address Plaintiff's third claim.

## V. DISCUSSION

### *A. Whether the ALJ erred by failing to develop the record.*

Plaintiff argues the ALJ failed to develop a full and fair record in this case because of the evidentiary gap in the record between July 2004 and October 2005. The Commissioner concedes that there is a gap in the evidentiary record, but argues the ALJ did not err, because there was no available medical evidence for that period and the ALJ did not have a duty to elicit testimony from Plaintiff as to that time period, because the ALJ discounted Plaintiff's testimony.

Both parties agree that an ALJ has a duty to develop a full and fair record. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). "Nevertheless, the claimant bears the burden of proving that [s]he is disabled, and, consequently, [s]he is responsible for producing evidence in support of h[er] claim." *Id*. "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir.1983)). Instead, Plaintiff argues she should have been allowed to establish her disability through her own testimony. However, Plaintiff's testimony alone would not have established her disability,

*see* 20 C.F.R. § 416.929(a), because the ALJ found that Plaintiff's testimony was suspect.[5] (Tr. 18); *see Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

Because of the evidentiary gap, and in order to more fully develop the record, after the hearing the ALJ ordered a consultive exam and asked the consulting physician to develop a RFC assessment.[6] Thus, the ALJ fulfilled his duty to develop a full and fair record and this Court finds there was no error.

***B. Whether the ALJ erred by not including in the RFC all of the non-exertional limitations found by the consultative examiner and by failing to call a VE.***

Plaintiff argues the ALJ erred when he failed to include all of Dr. Golomb's[7] findings and improperly relied on the Medical-Vocational Guidelines Grids (grids) in determining Plaintiff's RFC. The Commissioner counters that the ALJ did include all of Dr. Golomb's findings and the ALJ properly relied on the grids.

The only findings of Dr. Golomb that Plaintiff alleges the ALJ failed to include in his RFC were the restrictions in postural limitations affecting upper and lower extremities and environmental restrictions. (Doc. #12 at 8-9). The Court has reviewed the limitations in the RFC assessment by Dr. Golomb (Tr. 175-76) and finds that the RFC does include all of Dr.

---

[5] Plaintiff does not contest the credibility finding by the ALJ.

[6] Plaintiff's attorney indicated that her surgeon would not feel comfortable making an RFC assessment. (Tr. 210, *see* Tr. 169-175).

[7] Dr. Golomb was the consultative examiner who made the RFC assessment post-hearing.

Golomb's restrictions.[8]

Next, Plaintiff argues the ALJ committed error by exclusively relying on the grids and failing to call a VE. "The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform. However, 'exclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform the full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004) (*quoting Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)) (emphasis in original). The Eleventh Circuit has defined the "full range of work" as "being able to do 'unlimited' types of work at the given exertional level." *Id.* Where the ALJ determines that the claimant cannot perform the full range or unlimited types of work at the given functional level, the ALJ must consult a VE to ascertain whether there are sufficient jobs in the national economy at that functional level given the claimant's exertional limitations. *Id.*

Here, the ALJ found Plaintiff was capable of performing work at a level above that

---

[8] The ALJ's RFC determination states that: " [Plaintiff] has the [RFC] to stand for 6 hours out of 8 hours; walk for 6 hours out of 8 hours and sit for 7 ½ hours out of 8 hours; frequently lift/carry up to 30 pounds; occasionally lift/carry up to 45 pounds; frequently use right arm, left arm and right leg; occasionally to never use left leg; occasionally climb, occasionally to never balance, occasionally stoop[,] kneel, crouch and crawl; frequently handle, finger, feel, talk, hea[r] and occasionally reach overhead; frequently be exposed to extreme heat, wetness/humidity and exposure to fumes, odors, dusts and gases; occasionally be exposed to extreme cold, vibration and never be exposed to moving mechanical parts, work in high places and driving automotive equipment." (Tr. 17).

of a sedentary level, yet he applied the sedentary grids. The Commissioner argues that the ALJ did not error because "[i]f someone can do medium work, we determine that he or she can also do sedentary and light work." (Doc. #15 at 10); quoting 20 C.F.R. § 404.1567(c). When making the determination of available jobs in the economy, the ALJ stated that Plaintiff could perform sedentary work activity "which is defined as work that involves lifting no more than 10 pounds frequently and up to 20 pounds occasionally." (Tr. 19). However, sedentary work is restricted to the lifting of "*no more* than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(c) (emphasis added). "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *Id*. Thus, while applying the sedentary grids, the ALJ went beyond the restrictions for sedentary work in finding there were available jobs in the economy, but did not first determine whether Plaintiff could perform the full range of light work, much less medium work,[9] as the Commissioner suggests.

In addition, it is unclear from the RFC determination that Plaintiff could perform the full range of sedentary work. For example, the RFC states that Plaintiff has the RFC to "occasionally to never balance," but does not explain what that means. SSR-96.6 states as follows:

---

[9] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." *Id*.

> 'balancing' means maintaining body equilibrium to prevent falling when walking, standing, crouching, or running on narrow, slippery, or erratically moving surfaces. If an individual is limited in balancing only on narrow, slippery, or erratically moving surfaces, this would not, by itself, result in a significant erosion of the unskilled sedentary occupational base. However, if an individual is limited in balancing even when standing or walking on level terrain, there may be a significant erosion of the unskilled sedentary occupational base. It is important to state in the RFC assessment what is meant by limited balancing in order to determine the remaining occupational base. Consultation with a vocational resource may be appropriate in some cases.

The ALJ's inclusion of "never balance," without explanation, leaves this Court to speculate whether there is a significant erosion of the sedentary base.

The Commissioner's response is to argue that "[b]ecause Plaintiff is capable performing a wide range of unskilled sedentary work, the ALJ did nor err in using the Grids." Doc. # at 12. However, as stated above, the standard is not whether Plaintiff is capable of performing a wide range, but whether she can perform a full range. *Phillips,* 357 F.3d at 1242. If Plaintiff can not perform a full range, then the ALJ is required to utilize a VE. *Id*.

Therefore, this Court finds that the ALJ should have used the services of a VE because: (1) the ALJ, although applying the sedentary girds, modified the exertional limitations of sedentary work to include Plaintiff lifting 20 pounds, thus placing her in the light work category while failing to find she could perform a full range of work in that category; and (2) it is unclear whether the ALJ's sedentary work finding is consistent with his RFC determination, because the the RFC determination itself is not sufficiently clear. Accordingly, this case is due to be REVERSED and REMANDED.

## IV. CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is REVERSED and the case REMANDED for further proceedings consistent with this opinion. A separate judgment will issue.

DONE this 12th day of June, 2009.

/s/ Wallace Capel, Jr.

WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE